IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG WILLIAMS, *et al.*, | ) | |
| | ) | |
| Petitioners, | ) | Civil Action No. 10-212 |
| | ) | |
| v. | ) | Judge Nora Barry Fischer |
| | ) | Magistrate Judge Bissoon |
| WARDEN COLEMAN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the instant Petition for Writ of Habeas Corpus be dismissed *sua sponte* because it fails to assert a claim cognizable under 28 U.S.C. § 2241.

### II. REPORT

Petitioners are four state prisoners who allege that their individual death sentences have been vacated, and that they are now being held on the Capital Case Housing Unit at the State Correctional Institution at Greene. Petitioners assert that this is a violation of their constitutional rights, and that they should be held in general inmate population. Petitioners seek, *inter alia*, an order "releasing" them to the "inmate general population" (Doc. 1, p. 7).

It is well settled that relief requested through a writ of habeas corpus is limited. See e.g., Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). On the other hand, a Section 1983 civil rights action is the proper remedy for a prisoner who is seeking redress for a purported constitutional violation related to prison

conditions. Preiser, 411 U.S. at 499. The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer, 288 F.3d at 542.

Here, a ruling in Petitioners' favor would not affect the fact or duration of their respective convictions or sentences. Rather, they challenge the conditions of their confinement. Clearly, "no matter what the outcome of [the instant] habeas petition, neither the fact nor the length of [Petitioners'] incarceration will be affected." Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002). The entire focus of the instant Petition is to change the place of Petitioner's confinement within the institution, and not to alter the fact or length of their confinement. Consequently, Petitioners' remedy lies not in a habeas corpus action, but in a civil rights suit under 42 U.S.C. § 1983 and this federal habeas petition should be dismissed for failing to raise a claim cognizable under 28 U.S.C. § 2241.

### III.  CONCLUSION

It is recommended that the Petition for Writ of Habeas Corpus be dismissed *sua sponte* for failure to state a cognizable claim. Further, to the extent that Petitioner has filed this petition pursuant to Section 2241, no certificate of appealability is needed. 28 U.S.C. § 2253(c)(1)(B). To the extent that the petition may properly be considered a Section 2254 petition, it is recommended that a certificate of appealability be denied because reasonable jurists would not

disagree with the court's procedural ruling that habeas is not available to petitioner.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 474 (2000).

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by March 5, 2010.  Failure to timely file objections may constitute a waiver of any appellate rights.

s/Cathy Bissoon<br>
Cathy Bissoon<br>
United States Magistrate Judge

Dated: February 19, 2010

cc:
CRAIG WILLIAMS
BX-9919
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

ERNEST PORTER
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

SAHARRIS ROLLINS
AY8832
175 Progress Dr.
Waynesburg, PA 15370

RONALD CLARK
CP-5079
SCI Greene
175 Progress Drive
Waynesburg, PA 15370