**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CRAIG WILLIAMS, *et al.*, | ) |
| | ) |
| Petitioners, | ) Civil Action No. 10-212 |
| | ) |
| v. | ) Judge Nora Barry Fischer |
| | ) Magistrate Judge Bissoon |
| WARDEN COLEMAN, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM ORDER

The instant petition filed pursuant to 28 U.S.C. § 2241 was submitted to the Court on February 16, 2010, and was referred to United States Magistrate Judge Cathy Bissoon for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules for Magistrates.

The Magistrate Judge's Report and Recommendation, filed on February 19, 2010, recommended that the petition be dismissed *sua sponte* for failing to raise a cognizable claim. Petitioners, state inmates who allege that their individual death sentences have been vacated, assert that they are now being illegally held in the Capital Case Housing Unit at the State Correctional Institution at Greene. Petitioners do not seek release from custody, but instead seek and order directing that they be released from the Capital Case Unit to the general population of the prison. The Magistrate Judge, noting the distinction between claims cognizable in habeas corpus proceedings and those that must be pursued as civil rights claims, concluded that Petitioners' claims are prison conditions claims that can be raised pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and that Petitioners have not presented a claim cognizable in a § 2241 petition. Petitioners filed objections on March 3, 2010, again asserting that they are entitled to seek habeas relief to change their custody status.

Petitioners cite to precedent in the Third Circuit that permits a *federal* prisoner to challenge the "execution" of his sentence, as opposed to the validity of his conviction or sentence, under the habeas corpus statutes. Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2006) (permitting challenge to regulation limiting prisoner's ability to be transferred to a Community Corrections Center). Woodall, however, is limited to situations where a federal prisoner's claim challenges a change or potential change in his level of custody. Ganim v. Fed. Bureau of Prisons, 235 F.Appx. 882, 884 (3d Cir. 2007) (challenge to transfer to another facility not cognizable under habeas statute absent a change in the level of custody). The Third Circuit has never recognized a state prisoner's right to file a § 2241 petition in order to seek relief in the nature of transfer from a more restrictive form of custody (disciplinary custody or administrative custody) to a prison's general population. There is, in this Court's view, no exception in this case to the general rule that a prisoner is entitled to a writ of habeas corpus only if he "seek[s] to invalidate the duration of [his] confinement -- either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).

The Court also notes that two of the Petitioners, Ernest Porter and Ronald Clark, filed a civil rights action in the state court challenging their assignment to the Capital Case Unit even though their death sentences had been vacated. The state court found that Porter and Clark had no liberty interest in being housed outside of the Capital Case Unit. Clark v. Beard, 918 A.2d 155 (Pa. Cmwlth., 2007). This may explain the present attempt to raise the same claim in a habeas proceeding, and makes it all the more clear that the underlying claim is one properly brought in a civil rights action.

After de novo review of the pleadings and documents in the case, together with the Report and Recommendation and the objections thereto, the following order is entered:

AND NOW, this 31st day of March, 2010,

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED *sua sponte*. A certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Bissoon (Doc. 4), dated February 19, 2010, is adopted as the opinion of the court.

Nora Barry Fischer
United States District Court Judge

cc:
CRAIG WILLIAMS
BX-9919
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

ERNEST PORTER
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

SAHARRIS ROLLINS
AY8832
175 Progress Dr.
Waynesburg, PA 15370

RONALD CLARK
CP-5079
SCI Graterford
PO Box 244
Graterford, PA 19426